UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

R. ALEXANDER ACOSTA, Secretary of Labor, :
United States Department of Labor,
                                        :
                    Plaintiff,          :      CIVIL ACTION
                                        :
      v.                                :      Case No. 1:18-cv-02993-JRS-MJD
                                        :
DOREL JUVENILE GROUP, INC., and the :
DOREL JUVENILE GROUP, INC. WELFARE :
BENEFIT PLAN,                           :
                                        :
                    Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CONSENT ORDER AND JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor

("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, filed a complaint against Defendant

Dorel Juvenile Group, Inc. ("Dorel Juvenile Group"), alleging breaches of their fiduciary

responsibilities under ERISA §§ 404, 406, and 702, with respect to the Dorel Juvenile Group,

Inc. Welfare Benefit Plan ("Plan").[1]

Defendant Dorel Juvenile Group waives service of process of the complaint, waives its

answer to the complaint and admits to the jurisdiction of this Court over it and the subject matter

of this action. Defendant neither admits nor denies the remaining allegations in the Secretary's

complaint.

The Secretary and Defendant have agreed to resolve all matters in controversy in this

---

[1] Dorel Juvenile Group, Inc. Welfare Benefit Plan was also named pursuant to Federal Rule of Civil Procedure 19 as
a necessary party to ensure the court could restore all necessary relief.

1

action between them, including the imposition by the Secretary of a penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED:

1.  Defendant Dorel Juvenile Group is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 et seq.

2.  Defendant Dorel Juvenile Group is liable to the Plan participants described in paragraph 3 below in the total amount of $145,635 consisting of the monies withheld for the Plan's Tobacco Surcharge Wellness Program during the period January 1, 2013, through December 31, 2017.

3.  Within sixty days of the entry of the Consent Order and Judgment, Defendant Dorel Juvenile Group shall pay $145,635 directly to the participants of the Plan who: (1) paid a surcharge pursuant to the Plan's Tobacco Surcharge Wellness Program in place during the period January 1, 2013, through December 31, 2017, and (2) did not indicate to the Plan in writing that they were not interested in ceasing tobacco use. Each such participant shall receive the amount of the surcharge he/she paid.

4.  Upon payment of the amount in paragraph 2 above, the Secretary has determined Dorel Juvenile Group shall be and hereby is assessed a total penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), of $29,127.00. The Secretary has agreed to compromise and reduce the amount of the penalty by 50% to $14,563.50. Therefore, the Secretary hereby does and will accept as full satisfaction of the assessed penalty, the amount of $14,563.50. Dorel Juvenile Group waives its right to a separate notice of assessment of the penalty under ERISA § 502(*l*),

2

29 U.S.C. § 1132(*l*), the service requirement of 29 C.F.R. § 2570.83, and its right to seek any further reductions of or relief from the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). Dorel Juvenile Group shall pay the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*) within five calendar days of payment of the amount in paragraph 2 above, by sending a certified or cashier's check to:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360

The certified or cashier's check referenced in this paragraph shall be made payable to the United States Department of Labor and will reference EBSA Case No. 43-009851(48). If Dorel Juvenile Group wishes to remit a check by commercial express courier, it agrees to contact Soroosh Nikouei at the United States Department of Labor (Niknouei.Soroosh@dol.gov or 202-693-8486) and follow his instructions.

5.   In attempting to locate any former Plan participants who are due payments under paragraph 3 above, Dorel Juvenile Group shall utilize the following methods:

a.   Use U.S. First Class mail;

b.   Check related Plan and employer records;

c.   Use free electronic search tools; and

d.   Additional search steps, if necessary, including following the procedures set forth in EBSA Field Assistance Bulletin 2014-01, *Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans* (Aug. 21, 2014) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01.[2]

---

[2] Possible additional search steps include the use of Internet search tools, commercial locator services, credit

6.      Dorel Juvenile Group shall provide written satisfactory proof of all payments, which can include check register, made pursuant to paragraph 3 above no later than seventy days after the entry of this Consent Order and Judgment to: L. Joe Rivers, Regional Director of the Employee Benefits Security Administration at 1885 Dixie Highway, Suite 210, Ft. Wright, Kentucky 41011 ("Regional Director").

7.      Dorel and the Plan have amended all of the Plan's wellness programs based on an individual satisfying a standard that is related to a health factor, including the Tobacco Surcharge Wellness Program, to comply with ERISA § 702(b), 29 U.S.C. § 1182(b), and 29 C.F.R. § 2590.702(f)(4). Dorel provided written satisfactory proof of such amendments to the Regional Director on September 24, 2018. Dorel and the Plan shall ensure Plan participants who utilize a reasonable alternative standard earn the same reward as non-tobacco users and shall not require Plan participants to submit a tobacco use certification more than once per Plan year.

8.      Each party agrees to bear his or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996]).

9.      The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

10.      Nothing in this Order is binding on any government agency other than the United States Department of Labor.

---

reporting agencies, information brokers, investigation databases and analogous services that may involve charges.

Date: 11/28/2018

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

The parties hereby consent to the entry of this Consent Order and Judgment:

**FOR THE SECRETARY OF LABOR:**     **KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

Dated: _November 27_, 2018

**KEVIN M. WILEMON**
Trial Attorney
Office of the Solicitor
230 South Dearborn St.
Eighth Floor
Chicago, IL 60604

**FOR DOREL JUVENILE GROUP, INC.:**

Dated: _November 20_, 2018

By: _Steven E. Willeke_

Title: _CFO_

5

COUNSEL FOR DOREL JUVENILE GROUP, INC.:

Dated: November 2 6 , 2018

ROBERT RACHAL
Partner
Holifield Janich Rachal Ferrera, PLLC
6415 West End Blvd.
New Orleans, LA 70124